1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

IRENE ZHANG, individually; LEI DONG, individually; CATHERINE XIAOMEI LIU, individually; ROBERT ROBBINS, individually, and as the parent, next friend, and guardian ad litem on behalf of A.R., a minor, F.R., a minor, S.R., a minor, A.R., a minor, and C.R., a minor; VANESSA ROBBINS, individually; COOPER ROBBINS, individually; LUCY GLASSMAN, individually; RICKY GLASSMAN, individually; NORA HELEN FERRUFINO, individually; CHARLES SHEN HAO, individually; CHOON YUL LEE, individually; YOON KIL LEE, individually; HYUN SHIM KIM, individually: YAN DENG, individually; GUO QIANG DING, individually; JACQUELINE GEE, individually; YU QIAN GE, individually; BILAN HEIF, individually; SOPHIA JIANG, individually; XIN JIE LI, individually; JOE YOUNG SUNG, individually; YU DAN WANG, individually; SALVADOR F. RIVAS, individually; MING WU, individually and as the parent, next friend, and guardian ad litem on behalf of J.W., a minor, and F.W., a minor; YUAN XIE, individually, XINGWEN YE, individually; YONG CHEN ZHI, individually; ZHENG LIANG, individually; SZUTING CHEN, individually; SHEE WAI KUEN, individually; ZHONG PING GAO, individually; YUAN GAO, individually and as the parent, next friend and guardian ad litem on behalf of E.S., a minor; and POES 1 through 10, inclusive;

Plaintiffs,

v.

THE BOEING COMPANY, a Delaware corporation; and DOES 1 through 50, inclusive,

Defendants.

No. 2:21-cv-666

NOTICE OF REMOVAL

Removed from
Superior Court of the State of
Washington, King County
No. 21-2-02718-7 SEA

NOTICE OF REMOVAL (No. _____)
–1

Defendant The Boeing Company hereby removes this civil case from King County Superior Court to the United States District Court for the Western District of Washington, under 28 U.S.C. §§ 1333(1), 1332(a), 1441, and 1446. This case arises from an alleged event and subsequent emergency landing that occurred on Air China Flight 983 ("Flight 983") on March 4, 2019. This Court has original jurisdiction, and removal is proper under 28 U.S.C. § 1441(a), because the parties are fully diverse, the amount in controversy exceeds $75,000, and Plaintiffs' claims arise under the Court's original admiralty jurisdiction. 28 U.S.C. §§ 1332(a), 1333(1). As a short and plain statement of the grounds for removal, Boeing states the following:

## I.     INTRODUCTION AND BACKGROUND

### A.     The Incident

This lawsuit arises from an alleged event involving a Boeing 777-300 aircraft on March 4, 2019. The aircraft, registered as B-2040, was being operated as a commercial flight by Air China, and departed from Beijing, China, bound for Los Angeles, California. While en route to Los Angeles and over navigable waters in the North Pacific Ocean, the flight crew of Flight 983 received an aft cargo smoke indication and engaged in an emergency landing, ultimately landing at Anadyr Airport, in the subarctic district of Chukotka, East Siberia, Russia.

### B.     The Complaint

Plaintiffs filed their Complaint on March 1, 2021 in King County Superior Court as Case No. 21-2-02718-7 SEA. Plaintiffs filed a First Amended Complaint March 4, 2021. A true and correct copy of the First Amended Complaint is attached as **Exhibit A**. Boeing accepted service of Plaintiffs' Complaint on April 27, 2021. Plaintiffs, who were passengers on board Flight 983, alleged they were injured as a result of the emergency landing. Ex. A, First Amend. Compl. ¶¶ 47-48. Plaintiffs are citizens and residents of California, Texas, New Mexico, Korea, El Salvador, China, and Singapore. *Id.* at ¶¶ 11-42. Plaintiffs assert claims of negligence, strict product liability, and breach of warranty. *Id.* at ¶¶ 50-52; 54-68; 70-73.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Shortly before filing their complaint in King County Superior Court, on February 26, 2021, Plaintiffs filed near-identical complaints against Boeing in the United States District Court for the Northern District of Illinois (*Irene Zhang, et al. v. The Boeing Company*, Case No. 1:21-CV-01127) and in this Court (*Irene Zhang v. The Boeing Company*, Case No. 2:21-CV-00249-RAJ), both of which have also subsequently been amended. Decl. of Jeffery S. Clackley, Exhibits 1 and 2. Plaintiffs' King County Complaint acknowledges that "[a]n identical action has been filed in the United States District Court for the Western District of Washington. If the parties agree (or the Western District of Washington determines) that jurisdiction is improper in federal court, Plaintiffs will pursue their claims in this [King County Superior] Court. Alternatively, if the parties agree (or the Western District of Washington determines) that jurisdiction is appropriate in federal court, Plaintiffs will dismiss this action with prejudice." Ex. A, First Amend. Compl. ¶ 1. Boeing has informed Plaintiffs that it agrees that jurisdiction is appropriate in federal court and requested that Plaintiffs dismiss their Complaint in King County Superior Court by Monday, May 17, 2021. As the time of this filing, Plaintiffs have not dismissed their Complaint in King County Superior Court.

## II.      GROUNDS FOR REMOVAL

A civil action brought in state court is removable if the district court has original jurisdiction over it. 28 U.S.C. § 1441(a). As set forth below, this Court has jurisdiction based on diversity, 28 U.S.C. § 1332(a) and admiralty, 28 U.S.C. § 1333(1).

**A.      This Court has diversity jurisdiction.**

The district courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000 and there is diversity between the plaintiffs, on the one hand, and the defendants, on the other. 28 U.S.C. § 1332(a); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) ("Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants."). Both requirements are satisfied here.

NOTICE OF REMOVAL (No. _____)
–3

The amount-in-controversy requirement is satisfied. Under 28 U.S.C. § 1446(c)(2)(A)(ii), Boeing hereby asserts that the amount in controversy in this matter exceeds $75,000, exclusive of interests and costs.[1] Boeing makes this assertion in good faith in light of the injuries and damages Plaintiffs allege. Plaintiffs allege that during the emergency landing they suffered "extensive economic and non-economic damages, physical injuries, past and future medical expenses, past and future and severe and ongoing emotional distress and pain and suffering[.]" *See, e.g.,* Ex. A, First Amend. Compl. ¶ 52.

When plaintiffs fail to allege a specific amount in controversy, a defendant need only make a good faith estimate of the amount in controversy. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."). Plaintiffs themselves, in the complaints they filed in the Western District of Washington and Northern District of Illinois, assert that the amount in controversy exceeds $75,000. Clackley Decl., Ex. 1 at ¶ 8; Ex. 2 at ¶ 8. Other passengers on board Flight 983 have alleged spinal, neck, back, and muscular-skeletal injuries and medical treatment exceeding $150,000. Thus, based on Plaintiffs' allegations of personal injuries and other damages, Boeing alleges in good faith that the amount in controversy exceeds $75,000. *See e.g., Chacon v. American Airlines, Inc.*, 2001 WL 958897, No. 01-1618 (E.D. LA Aug. 22, 2001) (amount in controversy met where plaintiff alleged past, present, and future suffering and medical expenses as the result of an emergency landing).

There is also complete diversity of citizenship between Plaintiffs and Defendant.[2] Plaintiffs are citizens and residents of California, Texas, New Mexico, Korea, El Salvador, China, and Singapore. Ex. A, First Amend. Compl. ¶¶ 11-42. Plaintiffs themselves also assert, in

---

[1] Boeing does not concede that Plaintiffs are entitled to recover more than $75,000 and denies that they are entitled to recover any damages.

[2] The court does not consider the citizenship of fictitious "Doe" defendants for purposes of assessing removal based on diversity jurisdiction. *See* 28 U.S.C. § 1441(b)(1).

NOTICE OF REMOVAL (No. _____)
–4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1  the complaints they filed in the Western District of Washington and Northern District of Illinois,

2  that diversity jurisdiction exists and that they "are residents of a foreign country and/or another

3  state[.]" Clackley Decl., Ex. 1 at ¶ 8; Ex. 2 at ¶ 8. Thus, for diversity purposes, Plaintiffs are

4  citizens of these states or countries. 28 U.S.C. §§ 1332(a)(2), 1332(c)(2). Boeing is a Delaware

5  corporation with its principal place of business in Illinois. Thus, for diversity purposes, Boeing is

6  a citizen of Delaware and Illinois. *See* 28 U.S.C. § 1332(c)(1).

7  **B.     This Court also has admiralty jurisdiction.**

8  　　　　While this Court need not reach the question of admiralty jurisdiction because removal is

9  proper based on diversity, in their Western District of Washington and Northern District of

10  Illinois complaints, Plaintiffs assert that the Court also has admiralty jurisdiction. Clackley Decl.,

11  Ex. 1 at ¶¶ 9-10; Ex. 2 at ¶¶ 9-10. Federal district courts "have original jurisdiction … of

12  … [a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other

13  remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1). A civil case is one of

14  "admiralty jurisdiction" if (1) the alleged "tort occurred on navigable water," and (2) the activity

15  in question bears a "substantial relationship to traditional maritime activity." *Jerome B. Grubart,*

16  *Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995).

17  　　　　Plaintiffs' Complaint states that "[a]t all times material" the subject fire alarm and the

18  emergency landing occurred "over navigable waters in the North Pacific Ocean." Ex. A, Compl.

19  ¶ 3. Accordingly, the alleged "tort occur[ed]" at least in part "on navigable waters." *Grubart*, 513

20  U.S. at 534. The first requirement for establishing admiralty jurisdiction is therefore satisfied.

21  *Id.*; *Lu Junhong*, 792 F.3d 805 815–16 (7th Cir. 2015) (explaining that § 1333(1) does not

22  "require[] the whole tort to occur on the water," and finding admiralty jurisdiction based on claims

23  relating to the aircraft's autothrottle system design and its performance while aircraft was over

24  navigable water).

25  　　　　In addition, the activity giving rise to the incident in this case—a flight from Beijing to

26  Los Angeles—has a "substantial relationship to traditional maritime activity." *Grubart*, 513 U.S.

NOTICE OF REMOVAL (No. _____)
–5

at 534. Before the advent of aircraft, such a journey would have been made by an ocean-going vessel and is therefore sufficiently related to traditional maritime activity to warrant the exercise of admiralty jurisdiction. *See Williams v. United States*, 711 F.2d 893, 896 (9th Cir. 1983) (flight from California to Hawaii within admiralty jurisdiction); *Roberts v. United States*, 498 F.2d 520, 524 (9th Cir. 1974) (flight from California to Vietnam within admiralty jurisdiction).

**C.      Boeing has satisfied the other requirements for removal.**

Boeing's removal is timely. Boeing accepted service on April 27, 2021, so the 30-day clock on removal has not yet run under 28 U.S.C. § 1446(b). *See* Clackley Decl. Ex. 3, Acceptance of Service of Process and Waiver of Personal Service by Defendant The Boeing Company.

All copies of all papers and pleadings on file with the State court shall be filed concurrently with this notice in accordance with 28 U.S.C. § 1446(a).

The venue for this removed action is proper. This Court is the United States District Court for the district and division embracing the place where the removed action was pending. *See* 28 U.S.C. § 1441(a).

Boeing is today serving this Notice of Removal on Plaintiff and will promptly file a copy of this Notice with the Clerk for King County Superior Court in accordance with 28 U.S.C. § 1446(d).

## III.      CONCLUSION

WHEREFORE, Boeing hereby removes this action from King County Superior Court to this Court.

NOTICE OF REMOVAL (No. _____)
–6

1

2   DATED:  May 20, 2021

3

4

5

6

7

By:  s/ *John D. Dillow*
By:  s/ *Jeffery S. Clackley*
John D. Dillow #5979
Jeffery S. Clackley #48133
Attorneys for Defendant The Boeing Company
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
Email:  JDillow@perkinscoie.com
         JClackley@perkinscoie.com

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

NOTICE OF REMOVAL (No. _____)
–7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

## CERTIFICATE OF SERVICE

2      I hereby certify that I served the foregoing **NOTICE OF REMOVAL** on the following:

3

Carlos F. Llinas Negret (SBN 52253)
4      Stuart R. Fraenkel (Pro Hac Pending)
Nelson & Fraenkel LLP
5      601 S. Figueroa St., Ste. 2050
Los Angeles, CA  90017
6      Tel:  844-622-6469
Fax: 213-622-6019
7      Email: cllinas@nflawfirm.com

8
*Attorney for Plaintiffs*
9

10     to be sent by the following indicated method or methods, on the date set forth below:

11     [ X ]  by **CM/ECF Filing System**

12     [   ]  by **email**

13     [ X ]  by **mail**

14     [   ]  by **hand delivery**

15     DATED:  May 20, 2021               By: *s/ John D. Dillow*
By: *s/ Jeffery S. Clackley*
16                                        John D. Dillow #5979
Jeffery S. Clackley #48133
17                                        Attorneys for Defendant The Boeing Company
**Perkins Coie LLP**
18                                        1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
19                                        Telephone:  206.359.8000
Facsimile:  206.359.9000
20                                        Email:  JDillow@perkinscoie.com
            JClackley@perkinscoie.com
21

22

23     92373414.1

24

25

26

NOTICE OF REMOVAL (No. _____)
–8