Carlos F. Llinas Negret (SBN 52253)
**NELSON & FRAENKEL LLP**
601 S. Figueroa St., Ste. 2050
Los Angeles, CA  90017
Tel: (844) 622-6469 / Fax: (213) 622-6019
Email: cllinas@nflawfirm.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IRENE ZHANG, individually; LEI DONG, individually; CATHERINE XIAOMEI LIU, individually; ROBERT ROBBINS, individually, and as the parent, next friend,  and guardian ad litem on behalf of  A.R., a minor, F.R., a minor, S.R., a minor, A.R., a minor, and C.R., a minor; VANESSA ROBBINS, individually; COOPER ROBBINS, individually; LUCY GLASSMAN, individually; RICKY GLASSMAN, individually; NORA HELEN FERRUFINO, individually; CHARLES SHEN HAO, individually; CHOON YUL LEE, individually; YOON KIL LEE, individually; HYUN SHIM KIM, individually; YAN DENG, individually; GUO QIANG DING, individually; JACQUELINE GEE, individually; YU QIAN GE, individually; BILAN HEIF, individually; SOPHIA JIANG, individually; XIN JIE LI, individually; JOE YOUNG SUNG, individually; YU DAN WANG, individually; SALVADOR F. RIVAS, individually; MING WU, individually and as the parent, next friend, and guardian ad litem on behalf of J.W., a minor, and F.W., a minor; YUAN XIE, individually; XINGWEN YE, individually; YONG CHEN ZHI, individually; ZHENG LIANG, individually; SZUTING CHEN, individually; SHEE WAI KUEN, individually;  ZHONG PING GAO, individually; YUAN GAO, individually and as the parent, next friend and   guardian ad litem on behalf of E.S., a minor; and POES 1 through 10, inclusive; | CASE NO.  2:21-cv-00666-RSM<br><br>Hon. Ricardo S. Martinez<br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES FOR:**<br>**(1)  NEGLIGENCE;**<br>**(2)  STRICT LIABILITY;**<br>**(3)  BREACH OF WARRANTY**<br><br>**DEMAND FOR JURY TRIAL** |

1

Plaintiffs,                                  )
                                             )
2   vs.                                      )
                                             )
3   THE BOEING COMPANY, a Delaware           )
    corporation; HONEYWELL                   )
4   INTERNATIONAL INC., a Delaware           )
    corporation; AMETEK INC., a              )
5   Delaware Corporation; AMETEK             )
    AMERON LLC, a Delaware Limited           )
6   Liability Company; AMETEK                )
    AEROSPACE LLC, a Delaware                )
7   Limited Liability Company; ROTRON        )
    Inc., a New York Corporation; and        )
8   DOES 6 through 50, inclusive             )
                                             )
9                                            )
                                             )
10                 Defendants.               )

11  ────────────────────────────────

12

13         Plaintiffs IRENE ZHANG, individually; LEI DONG, individually; CATHERINE

14  XIAOMEI LIU, individually; ROBERT ROBBINS, individually, and as the parent, next friend,

15  and guardian ad litem on behalf of A.R., a minor, F.R., a minor, S.R., a minor, A.R., a minor, and

16  C.R., a minor; VANESSA ROBBINS, individually; COOPER ROBBINS, individually; LUCY

17  GLASSMAN, individually; RICKY GLASSMAN, individually; NORA HELEN FERRUFINO,

18  individually; CHARLES SHEN HAO, individually; CHOON YUL LEE, individually; YOON

19  KIL LEE, individually; HYUN SHIM KIM, individually: YAN DENG, individually; GUO

20  QIANG DING, individually; JACQUELINE GEE, individually; YU QIAN GE, individually;

21  BILAN HEIF, individually; SOPHIA JIANG, individually; XIN JIE LI, individually; JOE

22  YOUNG SUNG, individually; YU DAN WANG, individually; SALVADOR F. RIVAS,

23  individually; MING WU, individually and as the parent, next friend, and guardian ad litem on

24  behalf of J.W., a minor, and F.W., a minor; YUAN XIE, individually, XINGWEN YE,

25  individually; YONG CHEN ZHI, individually; ZHENG LIANG, individually; SZUTING CHEN,

26  individually; SHEE WAI KUEN, individually; ZHONG PING GAO, individually; YUAN GAO,

27  individually and as the parent, next friend and guardian ad litem on behalf of E.S., a minor; and

28  POES 1 through 10, inclusive (hereinafter collectively the "Plaintiffs"), through their counsel,

    bring this action against defendant THE BOEING COMPANY ("**BOEING**"), a Delaware

corporation; HONEYWELL INTERNATIONAL INC. ("HONEYWELL"), a Delaware corporation; AMETEK INC. ("AMETEK"), a Delaware Corporation; AMETEK AMERON LLC ("AMERON"), a Delaware Limited Liability Company; AMETEK AEROSPACE LLC ("AMETEK AERO"), a Delaware Limited Liability Company; ROTRON Inc. ("ROTRON"), a New York Corporation; and DOES 6 through 50, inclusive (hereinafter collectively the "Defendants"), and in support thereof, allege as follows:

## I.

## INTRODUCTION

1.     This action arises out of Air China Flight CA-983 ("Flight 983") on March 4, 2019, operated by Air China Inc. ("Air China") in which numerous passengers suffered injuries prior to, during and after a disembarkation (hereinafter referred to as the "Incident").  The aircraft involved was a **BOEING** 777-300, registered as B-2040 ("the aircraft"), performing Flight 983 from Beijing (China), to Los Angeles, California (USA) with 188 passengers on board.  While enroute to Los Angeles, the crew of Flight 983 claims to have received an aft cargo smoke indication, and as a result, diverted the Flight to Anadyr Airport, in the subarctic district of Chukotka, East Siberia, Russia.

2.     At all times material, the subject fire alarm was triggered over navigable waters in the North Pacific Ocean, the aircraft engaged in an emergency landing over navigable waters, and ultimately landed in the commercial coastal port city of Anadyr, Russia.

3.     After landing, the flight crew deployed the slides and forced the passengers to rapidly disembark down the slides in chaos and panic.  The slide disembarkation occurred in arctic conditions at, near or below freezing temperatures. The aircraft slides and passengers were battered and tossed by strong winds and severe inclement temperatures. The slides became destabilized, causing passengers to be tossed and flung around like ragdolls. The alleged aft cargo smoke indication was claimed to be a false alarm.

1
2
3
4
5
6
7
8
9
10



11    4.    On or about March 5, 2019, Air China issued an apology for the Incident in an
12  online posting, stating that the Incident was triggered by a faulty fire alarm, or words to that
13  effect:

14
15
16
17
18
19
20

  

中国国际航空 🅥 🐯            ＋关注    ⌄

3月5日 06:26 来自 iPhone 7 Plus

3月4日国航CA983航班（北京-洛杉矶，波音777-300ER执飞），北京时间21:13
从北京首都国际机场起飞。在俄罗斯空域飞行过程中，飞机出现后货舱火警信
息，机组按照火警处置程序及时进行处置。为确保安全，该航班于北京时间3月5
日2:55就近安全备降俄罗斯阿纳德尔机场，并实施紧急撤离程序。目前，人机安
全，全体旅客已在候机楼内休息。落地后经检查，飞机货舱正常且无过火痕迹，
初步判断为飞机火警信息故障。国航已调配飞机前往俄罗斯阿纳德尔机场做好旅
客后续运输工作。由此给旅客带来的不便，国航深表歉意。

21    5.    Upon information and belief, inspections of the aircraft after landing revealed the
22  cargo hold to be in a normal condition without any signs of a fire whatsoever.

23    6.    Upon information and belief, aircraft and <u>fire detection instrumentation</u> supplied
24  by **BOEING, HONEYWELL, AMETEK, AMERON, AMETEK  AERO and/or ROTRON**
25  have a known history of false indications for cargo compartment smoke and/or fire.  These false
26  indications have resulted in unscheduled landings and passenger injuries, similar to the Incident.
27  Upon information and belief, the fire detection system, including but not limited to the Carbon
28

Smoke Detector and its component parts including its blower/fan, was defective and caused and/or contributed to the false indication.

7.    Upon information and belief, the **BOEING** supplied slides are defective, unsafe, unstable and have resulted in passengers being injured during use in similar situations. The instructions for use and warnings are also defective

## II.

## JURISDICTION AND VENUE

8.    This Court has diversity jurisdiction over Plaintiffs' claims under 28 U.S.C. §1332 because the amount in controversy exceeds seventy-five thousand dollars ($75,000) and Plaintiffs are residents of a foreign country and/or another state, and Defendant has its principal place of business in this state.

9.    In the alternative, this Court has jurisdiction over Plaintiffs' claims under the maritime and admiralty jurisdiction of the Court, pursuant to Article III, §2 of the United States Constitution, delegating jurisdiction over admiralty cases to the federal courts, and 28 U.S.C. §1333.

10.    Maritime jurisdiction is appropriate when a potential hazard to maritime commerce arises out of an activity that bears a substantial relationship to maritime activity. *Sisson v. Ruby,* 497 U.S. 358 (1990); *Executive Jet Aviation v. City of Cleveland,* 409 U. S. 249 (1972). In this case, the incident represented a potential hazard to maritime commerce and bears a substantial relationship to maritime activity. At all times material, the subject fire alarm was triggered over navigable waters in the North Pacific Ocean, the aircraft engaged in an emergency landing over navigable waters, and ultimately landed in the commercial coastal port city of Anadyr, Russia.

11.    Venue is proper in the Western District of Washington pursuant to 18 U.S.C. §1965 and 28 U.S.C. §1391, and because (1) defendant **BOEING** is found and transacts business in this district; (2) defendant **BOEING** maintains a physical presence in this district, and (3) the subject aircraft and its component parts were designed, manufactured and sold in this district. ///

### III.

### PARTIES

**A.   Plaintiffs**

12.   At all times herein mentioned, Plaintiff IRENE ZHANG is and was an individual and citizen of California who resides in the County of Los Angeles, California.

13.   At all times herein mentioned, Plaintiff LEI DONG is and was an individual and citizen of California who resides in the County of Los Angeles, California.

14.   At all times herein mentioned, Plaintiff CATHERINE XIAOMEI LIU is and was an individual and citizen of California who resides in the County of Los Angeles, California.

15.   At all times herein mentioned, Plaintiff ROBERT ROBBINS, individually, next friend, and as the parent and guardian ad litem on behalf of C.R., a minor, A.R., a minor, F.R., a minor, S.R., a minor, A.R., a minor, and C.R., a minor, was and is a citizen of the State of Texas.

16.   At all times herein mentioned, Plaintiff VANESSA ROBBINS, is and was an individual and citizen of the State of Texas.

17.   At all times herein mentioned, Plaintiff COOPER ROBBINS, is and was an individual and citizen of the State of Texas.

18.   At all times herein mentioned, Plaintiff LUCY GLASSMAN is and was an individual and citizens of the State of New Mexico.

19.   At all times herein mentioned, Plaintiff RICKY GLASSMAN is and was an individual and citizens of the State of New Mexico.

20.   At all times herein mentioned, Plaintiff NORA HELEN FERRUFINO is and was an individual and citizen of the Republic of El Salvador.

21.   At all times herein mentioned, Plaintiff CHARLES SHEN HAO is and was an individual and citizen of The People's Republic of China ("PRC").

22.   At all times herein mentioned, Plaintiff CHOON YUL LEE is and was an individual and citizen of the Republic of Korea.

23.   At all times herein mentioned, Plaintiff YOON KIL LEE is and was an individual and citizen of the State of California.

24.     At all times herein mentioned, Plaintiff HYUN SHIM KIM is and was an individual and citizen of the Republic of Korea.

25.     At all times herein mentioned, Plaintiff YAN DENG is and was an individual and citizen of the People's Republic of China.

26.     At all times herein mentioned, Plaintiff GUO QIANG DING is and was an individual and citizen of the State of California.

27.     At all times herein mentioned, Plaintiff JACQUELINE GEE is and was an individual and citizen of the State of California.

28.     At all times herein mentioned, Plaintiff YU QIAN GE is and was an individual and citizen of the State of California.

29.     At all times herein mentioned, Plaintiff BILAN HEIF, is and was an individual and citizen of the State of California.

30.     At all times herein mentioned, Plaintiff SOPHIA JIANG is and was an individual and citizen of the State of California.

31.     At all times herein mentioned, Plaintiff XIN JIE LI is and was an individual and citizen of the State of California.

32.     At all times herein mentioned, Plaintiff JOE YOUNG SUN, is an was an individual and citizen of the Republic of Korea.

33.     At all times herein mentioned, Plaintiff YU DAN WANG is and was an individual and citizen of the State of California.

34.     At all times herein mentioned, Plaintiff SALVADOR F. RIVAS is and was an individual and citizen of the Republic of El Salvador.

35.     At all times herein mentioned, Plaintiff MING WU, individually and as the parent, next friend, and guardian ad litem on behalf of J.W., a minor, and F.W., a minor, is and was a citizen of the State of California.

36.     At all times herein mentioned, Plaintiff YUAN XIE is and was an individual and citizen of the State of California.

37.     At all times herein mentioned, Plaintiff XINGWEN YE is and was an individual and citizen of The People's Republic of China ("PRC").

38.     At all times herein mentioned, Plaintiff YONG CHEN ZHI is and was an individual and citizen of The People's Republic of China ("PRC").

39.     At all times herein mentioned, Plaintiff ZHENG LIANG is and was an individual and citizen of the State of California.

40.     At all times herein mentioned, Plaintiff SZUTING CHEN is and was an individual and citizen of the Republic of Singapore.

41.     At all times herein mentioned, Plaintiff SHEE WAI KUEN is and was an individual and citizen of the Republic of Singapore.

42.     At all times herein mentioned, Plaintiff ZHONG PING GAO is and was an individual and citizen of The People's Republic of China ("PRC").

43.     At all times herein mentioned, Plaintiff YUAN GAO, individually and as the parent, next friend and guardian ad litem on behalf of E.S., a minor, is and was a citizen of the State of California. A Petition for Guardian ad Litem is in the process of being executed and will be filed in short order.

**B.     Other Plaintiffs**

44.     The true names and capacities of Plaintiffs POES 1 – 100, inclusive, and each of them, are unknown to Plaintiffs who therefore bring this action by such fictitious names. Plaintiffs further allege that each fictitiously named Plaintiff was in some manner injured by the acts and occurrences alleged herein.  Plaintiffs will amend this Complaint to show their true names and capacities when the same are ascertained.

**C.     Defendants**

45.     At all times herein mentioned, defendant **BOEING** is and was a global aircraft manufacturer incorporated in the State of Delaware, with its principal place of business in the State of Washington. This Court has general personal jurisdiction over **BOEING** by virtue of its continuous and systematic contacts with the State of Washington; Boeing conducts substantial, ongoing Business within this State, such that it is considered "at home" within this State; Boeing

is registered to do business in this State and has a registered agent for service of process in this state. Moreover, this Court has personal jurisdiction over **BOEING** pursuant to R.C.W. 4.28.185 regularly transacts business in this State and derives substantial revenue therefrom; the subject aircraft and its component parts were designed, manufactured and sold in this State; and the alleged tortious acts were committed in this State.

46.    At all times herein mentioned, defendant **HONEYWELL** is and was an aerospace product manufacturer incorporated in the State of Delaware, with its principal place of business in North Carolina. This Court has personal jurisdiction over **HONEYWELL** by virtue of its contacts with the State of Washington, inter alia; **HONEYWELL** serves a market in Washington, regularly transacts business in this State and derives substantial revenue therefrom. This case arises out of and/or relates to **HONEYWELL'S** contacts with the state. **HONEYWELL** has purposely availed itself of the privilege of doing business in the State of Washington; **HONEYWELL** is registered to do business in this State and has a registered agent for service of process in this state, inter alia. Relevant components of the subject aircraft were sold, supplied and incorporated into the subject aircraft in this State and / or the alleged tortious acts were committed in this State.

47.    At all times herein mentioned, defendants **AMETEK, AMERON**, and A**METEK AERO** are and were aerospace product manufacturers incorporated in the State of Delaware, with their principal place of business in Pennsylvania. This Court has personal jurisdiction over **AMETEK, AMERON**, and **AMETEK AERO** by virtue of their contacts with the State of Washington, inter alia; **AMETEK, AMERON**, and **AMETEK AERO** serve a market in Washington, regularly transact business in this State and derive substantial revenue therefrom. This case arises out of and/or relates to **AMETEK, AMERON**, and **AMETEK AERO's** contacts with the state. **AMETEK, AMERON**, and **AMETEK AERO** have purposely availed themselves of the privilege of doing business in the State of Washington; **AMETEK**, **AMERON**, **and AMETEK AERO** are registered to do business in this State and have a registered agent for service of process in this state, inter alia. Relevant components of the subject

aircraft were sold, supplied and incorporated into the subject aircraft in this State and / or the alleged tortious acts were committed in this State.

48.    At all times herein mentioned, defendant **ROTRON** is and was an aviation product manufacturer incorporated in the State of New York, with its principal place of business in New York. This Court has personal jurisdiction over **ROTRON** by virtue of its contacts with the State of Washington, inter alia; **ROTRON** serves a market in Washington, regularly transacts business in this State and derives substantial revenue therefrom. This case arises out of and/or relates to **ROTRON's** contacts with the state. **ROTRON** has purposely availed itself of the privilege of doing business in the State of Washington; **ROTRON** is registered to do business in this State and has a registered agent for service of process in this state, inter alia. Relevant components of the subject aircraft were sold, supplied and incorporated into the subject aircraft in this State and / or the alleged tortious acts were committed in this State.

### D.    Other Defendants

49.    The true names and capacities, whether individual, corporate, associate or otherwise of the Defendants DOES 6 through 50, inclusive, are unknown to Plaintiffs who therefore sue said Defendants by such fictitious names. Plaintiffs further allege that each of said fictitious Defendants is in some manner responsible for the acts and occurrences hereinafter set forth.  Plaintiffs will amend this Complaint to show their true names and capacities when the same are ascertained, as well as the manner in which each factious Defendant is responsible.

### E.    Agency & Concert of Action

50.    At all times herein mentioned, Defendants, and each of them, hereinabove, were the agents, servants, employees, partners, aiders and abettors, co-conspirators, and/or joint venturers of each of the other Defendants named herein and were at all times operating and acting within the purpose and scope of said agency, service, employment, partnership, enterprise, conspiracy, and/or joint venture, and each Defendant has ratified and approved the acts of each of the remaining Defendants.  Each of the defendants aided and abetted, encouraged, and rendered substantial assistance to the other Defendants in breaching their obligations to Plaintiffs, as alleged herein.  In taking action to aid and abet and substantially assist the

commission of these wrongful acts and other wrongdoings complained of, as alleged herein, each of the Defendants acted with an awareness of his/her/its primary wrongdoing and realized that his/her/its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

**IV.**

**GENERAL ALLEGATIONS**

51.     On or about March 4, 2019, Plaintiffs were all passengers lawfully aboard by Flight 983.

52.     During Flight 983, the flight crew claims to have received an aft cargo smoke indication and diverted Flight 983 to Anadyr Airport, Russia.  Upon landing the flight crew forced the Plaintiffs to disembark the aircraft in chaos and panic, using evacuation slides and sending Plaintiffs destined for Los Angeles, California into the Siberian arctic weather, frigid cold and high winds, causing Plaintiffs to be tossed and thrown around while disembarking, suffering serious personal and bodily injuries.

**FIRST CAUSE OF ACTION**

**(Negligence)**

**By All PLAINTIFFS Against BOEING,  HONEYWELL, AMETEK,**

**AMERON, AMETEK AERO and/or ROTRON and DOES 6 – 50, Inclusive**

53.     Plaintiffs hereby incorporate by reference all prior paragraphs of this complaint and make said paragraphs part of this second cause of action, as though fully set forth herein at length.

54.     At all times herein mentioned, defendants **BOEING HONEYWELL, AMETEK, AMERON, AMETEK AERO and/or ROTRON and DOES 6 – 50**, inclusive, were the designers, manufacturers, distributors, and/or sellers of the **BOEING** 777-300 aircraft and their component parts, including the Cargo Smoke Detector ("the subject aircraft").  Defendants **BOEING HONEYWELL, AMETEK, AMERON, AMETEK AERO and/or ROTRON and DOES 6 – 50**, inclusive, were at all times relevant, in the business of designing, testing, manufacturing, selling, assembling, building, distributing, marketing, maintaining, inspecting

and/or providing maintenance and inspection instructions for, the aircraft and its component parts as suitable and safe for passenger air transportation, including the subject **BOEING** 777-300, registered as B-2040, performing Flight 983.

55.    At all times herein mentioned, defendants **BOEING, HONEYWELL**, **AMETEK**, **AMERON**, **AMETEK AERO** and/or **ROTRON**, and **DOES 6 – 50**, inclusive, breached their duty of care to Plaintiffs as passengers aboard Flight 983 with respect to the design, manufacture, inspection, testing, assembly, certification, distribution, and/or sale of a safe, airworthy aircraft; including the failure to train, instruct, and/or issue advisory warnings necessary to assure the safe operation, control, management and/or maintenance of the aircraft.  Defendants' acts and/or omissions include, but are not limited to the following:

a.    designing, manufacturing, assembling and/or certifying an aircraft with smoke sensors, instruments, equipment, and/or systems which was susceptible to displaying false indications and erroneous information of smoke and/or fire in the cargo hold;

b.    failing to provide adequate warnings and instructions regarding the propensity of the aircraft's smoke sensors, instruments, equipment, and/or systems to display false indications and erroneous information regarding smoke and/or fire in the cargo hold;

c.    failing to properly train pilots to identify a false indication of smoke and/or fire in the cargo hold, and/or to respond with appropriate action;

d.    designing, manufacturing, assembling and/or certifying an aircraft with evacuation slides and/or systems which were susceptible to failing in the conditions in which they were foreseeably used and/or subjecting the users to injury during use;

e.    failing to provide training and to provide adequate warnings and instructions regarding the use and deployment of the evacuation slides and/or systems;

f.    failing to provide adequate maintenance and inspections instructions; and failing to properly maintain the subject aircraft and its component parts;

56.     As a direct and proximate result of **BOEING**, **HONEYWELL, AMETEK, AMERON, AMETEK AERO and/or ROTRON and DOES 6 – 50**'s negligence, Plaintiffs sustained extensive economic and non-economic damages, physical injuries, past and future medical expenses, past and future and severe and ongoing emotional distress and pain and suffering, and other such damages, all in an amount to be proven at trial.

<u>**SECOND CAUSE OF ACTION**</u>

**(Strict Liability)**

**By All PLAINTIFFS Against BOEING, HONEYWELL, AMETEK**

**AMERON, AMETEK AERO, ROTRON and DOES 6 – 50, Inclusive**

57.     Plaintiffs hereby incorporate by reference all prior paragraphs of this complaint and makes said paragraphs part of this third cause of action, as though fully set forth herein at length.

58.     **BOEING, HONEYWELL, AMETEK, AMERON, AMETEK AERO, ROTRON and DOES 6 – 50,** inclusive, designed, manufactured, distributed and/or sold the subject aircraft and its component parts involved in the Incident.  Defendants **BOEING, HONEYWELL, AMETEK, AMERON, AMETEK AERO, ROTRON and DOES 6 – 50**, inclusive, were in the business of designing, testing, manufacturing, selling, assembling, building, distributing, marketing, and/or inspecting aircraft as suitable for passenger air transportation, including the subject aircraft and its component parts involved in the Incident.

59.     At all times relevant hereinabove set forth, the subject aircraft and its component parts, were being operated by Air China and used for the purposes for which they were manufactured, designed, inspected, sold and intended to be used, in a manner reasonably foreseeable to **BOEING, HONEYWELL, AMETEK, AMERON, AMETEK AERO, ROTRON and DOES 6 – 50.**

60.     At all times relevant hereinabove set forth, the subject aircraft and its component parts, including its instructions and manuals, were defective, dangerous, unsafe, and not airworthy by reason of **BOEING, HONEYWELL, AMETEK, AMERON, AMETEK AERO, ROTRON and DOES 6 – 50** 's defective manufacture, design, warning systems,

inadequate warnings, inadequate instructions, inspections, testing, service, and/or maintenance of the subject aircraft, and its component parts, as set forth above, and in particular its smoke sensors, instruments, equipment, and/or systems which were susceptible to displaying false indications and erroneous information of smoke and/or fire in the cargo hold.  The aircraft, and its component parts, were in substantially similar condition at the time of the Incident to its original condition.

61.    At all times relevant hereinabove set forth, the subject aircraft and its component parts, including its instructions and manuals, were defective, dangerous, unsafe, and not airworthy by reason of **BOEING and DOES 6 − 50**'s defective manufacture, design, warning systems, inadequate warnings, inadequate instructions, inspections, testing, service, and/or maintenance of the subject aircraft, and its component parts, as set forth above, and in particular its evacuation slides which were susceptible to failing in the conditions in which they were foreseeably used and/or subjecting the users to injury during use. The aircraft, and its component parts, were in substantially similar condition at the time of the Incident to its original condition.

62.    At all times and places mentioned herein, **BOEING, HONEYWELL**, **AMETEK**, **AMERON**, **AMETEK AERO**, **ROTRON** and **DOES 6 − 50**, and each of them, knew or should have known at the time said aircraft left **BOEING and DOES 6 − 50**'s possession, that said aircraft and its component parts and manuals were defective in design, manufacture, sufficient instructions, and warnings, that it did not meet users' and ordinary consumers' reasonable expectations for safety when used in a reasonably foreseeable manner, and was dangerous, defective, unfit, and unsafe for its intended use and that said conditions were likely to cause and bring about an incident, when used in a foreseeable manner.

63.    Plaintiffs are informed and believe, and upon such information and belief allege that, the subject aircraft and its component parts and manuals, had associated deficits, risks, and defects, including, but not limited to, its defectively designed smoke sensors, instruments, equipment, and/or systems which were susceptible to displaying false indications and erroneous information of smoke and/or fire in the cargo hold, and/or their lack of sufficient warnings and/or use instructions regarding the potential for false alarms.  Moreover, **BOEING, HONEYWELL,**

**AMETEK, AMERON, AMETEK AERO, ROTRON and DOES 6 – 50** failed to adhere to industry standards regarding the design, testing, distribution, and manufacturing process, amongst others, and failed to incorporate in the smoke sensors, instruments, equipment, and/or systems, a properly functioning mechanism which could have averted the false alarm of smoke and/or fire in the cargo hold, and Plaintiffs' injuries and damages.

64.    Plaintiffs are informed and believe, and upon such information and belief allege that, the subject aircraft and its component parts and manuals, had associated deficits, risks, and defects, including, but not limited to, its defectively designed evacuation slides, instruments, equipment, and/or systems which were susceptible to failing and causing injuries to their users, and/or their lack of sufficient warnings and/or use instructions regarding the use of the slides. Moreover, **BOEING and DOES 6 – 50** failed to adhere to industry standards regarding the design, testing, distribution, and manufacturing process, amongst others, and failed to incorporate in the evacuation slides, and/or systems, safety mechanisms that would have prevented the catastrophic destabilizing event that occurred, and Plaintiffs' injuries and damages, herein.

65.    These deficits, risks, and defects were known or certainly knowable by **BOEING, HONEYWELL, AMETEK, AMERON, AMETEK AERO, ROTRON and DOES 6 – 50**, via the use and employ of scientific knowledge available at the time of design, manufacture, testing, and distribution of the aircraft.

66.    The associated risks, deficits, and defects of the aircraft presented a substantial danger to pilots, airlines, and passengers, and ordinary pilots, airlines, and consumers of the aircraft would not have recognized the associated risks, deficits, and defects.

67.    **BOEING, HONEYWELL, AMETEK, AMERON, AMETEK AERO, ROTRON and DOES 6 – 50**, and each of them, further failed to adequately warn of the potential risks and hazards associated with the aircraft when used in a way that was reasonably foreseeable to **BOEING, HONEYWELL, AMETEK, AMERON, AMETEK AERO, ROTRON and DOES 6 – 50**. This lack of sufficient use instructions and/or warnings was a substantial factor

in Flight 983's crew reaction to the aft cargo smoke indication, and the deployment of the slides, and consequently, bringing about Plaintiffs' injuries and damages.

68.     At the times and places mentioned herein, **BOEING, HONEYWELL, AMETEK, AMERON, AMETEK AERO, ROTRON and DOES 6 – 50**, and each of them, knew or should have known at the time the aircraft left **BOEING, HONEYWELL, AMETEK, AMERON, AMETEK AERO, ROTRON and DOES 6 – 50**'s possession, that said aircraft was defective in its instructions, warnings, design, and manufacture, likely to perform unsafely in a manner unanticipated by a prudent user, and having such knowledge, **BOEING, HONEYWELL, AMETEK, AMERON, AMETEK AERO, ROTRON and DOES 6 – 50** , and each of them, should have used reasonable care to warn, or give adequate use instructions and warning of the aircraft's defects and deficits in design and operational characteristics to those intending to use the aircraft in the manner in which it was intended to be used.

69.     At all times and places mentioned herein, **BOEING, HONEYWELL, AMETEK, AMERON, AMETEK AERO, ROTRON and DOES 6 – 50** failed to use reasonable care to warn, give adequate use instruction or warning to provide facts describing the aircraft's dangerous propensities to those whom they could expect to use the product or be endangered by its probable use, and such deficits and defects as illustrated hereinabove were a substantial factor in causing Plaintiffs' damages.  The foreseeable risks of failure associated with the design of the aircraft outweigh the benefits associated with the aircraft.

70.     The aircraft was further defective due to inadequate warnings or use instructions because **BOEING, HONEYWELL, AMETEK, AMERON, AMETEK AERO, ROTRON and DOES 6 – 50**, and each of them, knew or should have known that the defectively designed aircraft created a high risk of failure and resulting harm.    **BOEING, HONEYWELL, AMETEK, AMERON, AMETEK AERO, ROTRON and DOES 6 – 50** failed to adequately and timely warn consumers of the risk.

71.     On or about March 4, 2019, while the aircraft was being used in a reasonably foreseeable manner and for the purpose for which it was intended, by reason of the defective

conditions thereof, and as a legal and proximate result thereof, the aircraft and its component parts failed to perform properly.

72.    As a proximate result of the defects referenced hereinabove, the failure to use reasonable care to warn or give adequate use instructions and/or warning of the defective condition and dangerous characteristics of the aircraft when used in intended manner, Plaintiffs sustained extensive past and future economic and non-economic damages, physical injuries, past and future medical expenses, past and future and severe and ongoing emotional distress and pain and suffering, and other such damages, all in an amount to be proven at trial.

<u>**THIRD CAUSE OF ACTION**</u>

**(Breach of Warranty)**

**By All PLAINTIFFS Against BOEING, HONEYWELL, AMETE**

**AMERON, AMETEK AERO, ROTRON and DOES 6 – 50, Inclusive**

73.    Plaintiffs hereby incorporate by reference all prior paragraphs of this complaint and make said paragraphs part of this third cause of action, as though fully set forth herein at length.

74.    Prior to the Incident on March 4, 2019, **BOEING, HONEYWELL, AMETEK, AMERON, AMETEK AERO, ROTRON and DOES 6 – 50** expressly and/or impliedly warranted and represented that the subject aircraft and its component parts, and in conjunction with the instructions and warnings given by **BOEING, HONEYWELL, AMETEK, AMERON, AMETEK AERO, ROTRON and DOES 6 – 50**, was airworthy, of merchantable quality, both fit and safe for ordinary use, and for the particular purpose of commercial air travel which it was designed, intended and used.    Additionally, **BOEING, HONEYWELL, AMETEK, AMERON, AMETEK AERO, ROTRON and DOES 6 – 50** further warranted that the subject aircraft, and its component parts, were free from all defects.

75.    **BOEING, HONEYWELL, AMETEK, AMERON, AMETEK AERO, ROTRON and DOES 6 – 50** breached said warranties in that the subject aircraft was not airworthy, of merchantable quality, or fit and safe for ordinary use and for the particular the purposes for which it was designed, intended and used, and free from all defects as set forth

above. The aircraft, and its component parts, were in substantially similar condition at the time of the Incident to its original condition.

76. Contrary to these implied warranties, the aircraft was defective, unmerchantable, and unfit for its ordinary use when sold, and unfit for the particular purpose for which it was sold.

77. As a proximate result of the defects referenced hereinabove, Plaintiffs sustained extensive past and future economic and non-economic damages, physical injuries, past and future medical expenses, past and future and severe and ongoing emotional distress and pain and suffering, and other such damages, all in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request this Court to grant judgment in their favor and against Defendants as follows:

1. For damages to be awarded in an amount to be determined at trial, including general, special, compensatory, consequential and/or incidental damages;

2. For medical and related expenses in an amount to be determined at trial;

3. For lost earnings and loss of earning capacity in an amount to be determined at trial; and

4. For such other legal and equitable relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiffs request a trial by jury on all issues so triable.

DATED: August __9th__, 2021                **NELSON & FRAENKEL LLP**


                                            _By: /s/Carlos F. Llinas Negret_
                                            Stuart R. Fraenkel (Pro Hac Pending)
                                            Carlos F. Llinas Negret
                                            Attorneys for Plaintiffs